Herman Franck, Esq. (SB #123476)
Elizabeth Betowski, Esq. (SB #245772)
**FRANCK & ASSOCIATES**
910 Florin Road #212
Sacramento, CA 95831
Tel. (916) 447-8400
Franckhermanlaw88@yahoo.com

Attorneys for Plaintiffs Seng Xiong;
Thao Xiong; Lor Vang; and Lue Vang

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENG XIONG; THAO XIONG; LOR VANG; and LUE VANG<br><br>Plaintiffs,<br><br>v.<br><br>LAO PEOPLE'S DEMOCRATIC REPUBLIC; PRESIDENT THONGLOUN SISOULITHIS; PRIME MINISTER SONXAI SIPHANDON; SOUANSAVAN VI-GNAKET, MINSTER OF JUSTICE; GENERAL CHANSAMONE CHANYALATH, MINISTER OF DEFENSE; LIEUTENANT GENERAL VILAY LAKHAMFONG, MINISTER OF PUBLIC SECURITY; DR. YANG DAO<br><br>Defendants | Case No. 23-cv-02531-DJC-SCR (PS)<br><br>**PLAINTIFFS SENG XIONG, THAO XIONG, LOR VANG, AND LUE VANG'S NOTICE OF APPLICATION AND APPLICATION FOR DAMAGE PROVE-UP HEARING ON DEFAULT AN ENTRY OF DEFAULT JUDGMENT; APPLICATION AND MOTION FOR SEPARATE TRIAL AS TO THE LAOS DEFENDANTS TO PERMIT A JUDGMENT AS TO THEM, SO THAT THE CASE MAY PROCEED AGAINST THE USA DEFENDANT, DR. YANG DAO**<br><br>Date: November 21, 2024<br>Time: 10:00am<br>Location: Courtroom 27, 8th Floor |

**I.
NOTICE OF APPLICATION**

TAKE NOTICE that on November 21, 2024 at 10:00 a.m. in courtroom 28 of the above-entitled

court located at 500 I Street, Sacramento, CA 95814, with appearances also permitted remotely,

*Xiong et al. v. Laos*
Application for Default Judgment etc.

1

there will be a hearing on the below-stated application for default judgment and motion for separate trials as to the Laos-situated defendants.

If you wish to make a remote appearance you may do so by submitting a written request to the court no later than 10 days of the hearing date. If the Court approves that request, it will issue a zoom link. Please be further advised that we will be requesting a remote appearance and will be submitting a written request for that remote appearance.

Should you wish to file any opposition to these requests, you should file them within 14 days [2 weeks] of the filing date [September 5, 2024] of this application.

## II.
## APPLICATION AND MOTION

Plaintiffs Seng Xiong, Thao Xiong, Lor Vang, and Lue Vang herewith submit this this application for a hearing date for a damage prove up on a previously-entered default against the defendants located in Laos [1. Lao People's Democratic Republic; 2. President Thongloun Sisoulithis; 3. Prime Minister Sonxai Siphandon; 4. Souansavan Vi-gnaket, Minster of Justice; 5. General Chansamone Chanyalath, Minister of Defense; 6. Lieutenant General Vilay Lakhamfong, Minister of Public Security], and further application and request for entry of default judgment purusnat to FRCP Rule 55(b) as to each of the Laos defendants [1. Lao People's Democratic Republic; 2. President Thongloun Sisoulithis; 3. Prime Minister Sonxai Siphandon; 4. Souansavan Vi-gnaket, Minster of Justice; 5. General Chansamone Chanyalath, Minister of Defense; 6. Lieutenant General Vilay Lakhamfong, Minister of Public Security], and further application and motion pursuant to FRCP Rule 42(b) to have a separate trial of the action as to the Laos defendants [1.

*Xiong et al. v. Laos*
Application for Default Judgment etc.

2

Lao People's Democratic Republic; 2. President Thongloun Sisoulithis; 3. Prime Minister Sonxai Siphandon; 4. Souansavan Vi-gnaket, Minster of Justice; 5. General Chansamone Chanyalath, Minister of Defense; 6. Lieutenant General Vilay Lakhamfong, Minister of Public Security] so that the case may go to judgment as to the last defendants and then proceed on the merits as to the USA defendant Dr. Yang Dao, who has submitted a response In the form of a motion to dismiss currently pending

The request for a damage prove up hearing and entry of judgment against the Laos defendants Lao People's Democratic Republic; President Thongloun Sisoulithis; Prime Minister Sonxai Siphandon; Souansavan Vi-gnaket, Minster of Justice; General Chansamone Chanyalath, Minister of Defense; and Lieutenant General Vilay Lakhamfong, Minister of Public Security is made pursuant to FRCP Rule 55(b) on the grounds that on February 5, 2024, the court entered a default against each of the Laos situated defendants, and thus it is ripe for a damage prove-up.

A copy of the Certificate of Entry of Default previously entered by this court is attached to this application as Exhibit A.

By this application for default judgment, Plaintiffs are requesting an award of damages as specified in their complaint in the amount of $20 million each times four plaintiffs equals $80 million. Plaintiff also seeks the following injunctive relief which the court can further grant as part of the default judgment [Complaint, paragraphs 124-131]:

> "124. Plaintiffs further seek and request equitable relief and injunctive relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction barring the defendants and each of them from taking any further efforts to interfere with the Plaintiffs' program to establish a Hmong Homeland somewhere on this Earth. Plaintiffs are

*Xiong et al. v. Laos*
Application for Default Judgment etc.

3

still actively seeking a host country to permit such a homeland and are actively searching in Philippines, Thailand, and in the USA.

125. This injunctive relief requests that the defendants and each of them be barred by any further conduct to interfere with the program to establish a Hmong homeland, or such other injunctive relief as a court deems just an appropriate.

126. Plaintiffs further seek injunctive relief in the form of an order requiring the last government and defendants named herein to abide by the peace treaties and hold democratic elections as they agreed to in the peace treaties.

127. This injunctive relief requests further orders requiring the Laos government and the defendants named herein to cease and desist from any further war crimes against the Hmong people, including the genocide of the Hmong people; the rape, torture, and murder of the Hmong people; the destruction of the jungle where the Hmong people are currently hiding out in; and other crimes according to proof committed by the defendants herein. This conduct is ongoing, and is expected to be continued until every single Hmong person having direct or family involvement in the USA CIA's secret war in Laos is wiped off the face of the Earth.

128. Plaintiffs have suffered and will continue to suffer irreparable harm in the form of losing their homes property and life in Laos, and due to the interference with the plaintiffs' efforts to establish a Hmong homeland, and other irreparable harms for which plaintiffs are without an adequate remedy at law.

129. Plaintiffs further seek such other injunctive relief as the court deems just and appropriate.

130. Plaintiffs seek further equitable relief in the form of an accounting to determine appropriate restitution amounts that the defendants should be required to pay over to the plaintiffs as a result of the defendants taking over the plaintiffs' lands, property, and holdings and using those lands property and holdings for their own purposes to the detriment and loss of each of the plaintiffs. The amount of restitution claimed

4

*Xiong et al. v. Laos*
Application for Default Judgment etc.

herein is not known to the plaintiffs, but is believed to be in excess of $1 million each, and is requested in an amount according to proof.

131. Plaintiffs by this action also requires such other further equitable, restitutionary, and other provisional remedies as the Court deems just and appropriate."

Plaintiffs also seek declaratory relief as described in paragraph 133 of the Complaint:

"133. Plaintiffs and each of them further seek declaratory relief in the form of an order by the Court declaring that the defendants' behavior and conduct as discussed in this complaint was actually and factually committed by the defendants, and that such behavior violates the Alien Tort Claims Act, that such behavior is continuing in nature and is expected to continue into the reasonably foreseeable future, that the plaintiffs will be irreparably harmed by such behavior and that unless until injunctive relief is given the plaintiff's will continue to suffer irreparable harm, and such other declaratory orders and relief as the court deems just and appropriate."

By this application plaintiffs further request the imposition of exemplary damages against defendant Laos PDR as set forth in paragraph 132 of the Complaint. Exhibit D to the accompanying Memorandum of Points and Authorities, which was attached as Exhibit A to the Complaint, is a USA CIA country data sheet about Laos, and provides information about country wealth that should be deemed sufficient to serve as a basis of wealth and income on which to base an award of punitive damages. Punitive damages should be awarded in accordance with the holdings of *State Farm Mutual Automobile Insurance Co. v. Campbell* (2003) 538 U.S. 408, 419 and *Honda Motor Co. v. Oberg,* 512 U.S. 415, 420 (1994). See *State Farm Mutual Automobile Insurance Co. v. Campbell* (2003) 538 U.S. 408, 419, discussed below in the Memorandum of Points and Authorities.

5

*Xiong et al. v. Laos*
Application for Default Judgment etc.

The application for a separate trial in this action is made on the basis that, generally speaking, courts will give one judgment in an action and that in this case, one of the defendants residing in USA defendant Dr. Yang Dao, has filed a response to the complaint in the form of a letter brief which the court has deemed a motion to dismiss that motion is fully briefed and is awaiting decision by the Court.

A separate trial is appropriate under FRCP 42(b) in the interest of justice to permit a default judgment as to the non-responding defendants, all of whom reside in Laos. A separate trial is requested pursuing to FRCP Rule 42(b), which provides:

> "(b) SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

The application for default judgment a damage prove-up hearing and a separate trial of the action as to the defaulting parties will be made on the basis of this application, on the accompanying memorandum appoints an authorities, and on the evidence to be given of damages during the damage prove-up proceedings by each of the four plaintiffs, on the pleadings and files herein, and on such other matters as the Court may permit during the damage prove-up proceedings.

This application for default judgment and motion for separate trials will be based on this notice of application and application for default judgment and for separate trials as to the Laos-situated defendants; on the clerk's entry of default dated February 5, 2024 and attached to the accompanying Memorandum of Points and Authorities as Exhibit A hereto; on the accompanying Memorandum of Points and Authorities and series of Exhibits A,B, C, and D thereto; on the

6

*Xiong et al. v. Laos*
Application for Default Judgment etc.

complaint for violation of the Alien Tort Claims Act, 28 USC Section 1350 filed in this matter on November 2, 2023, excerpts of which are attached as Exhibit B to the accompanying Memorandum of Points and Authorities; on the files and pleadings here in on the direct testimony to be provided by plaintiffs Seng Xiong, Thao Xiong, Lor Vang, and Lue Vang during the hearing on the application for default judgment; and on such other matters as a court may permit during the hearing on this application and motion for separate trials

Respectfully Submitted,

__/s/ Herman Franck, Esq._____                                   September 5, 2024
Herman Franck, Esq.
Attorney for Plaintiffs Seng Xiong;
Thao Xiong; Lor Vang; and Lue Vang

*Xiong et al. v. Laos*
Application for Default Judgment etc.

7

**LIST OF EXHIBITS**

Exhibit A: Clerk's entry at default against the Laos defendants Lao People's Democratic Republic; President Thongloun Sisoulithis; Prime Minister Sonxai Siphandon; Souansavan Vi-gnaket, Minster of Justice; General Chansamone Chanyalath, Minister of Defense; and Lieutenant General Vilay Lakhamfong, Minister of Public Security

8

*Xiong et al. v. Laos*
Application for Default Judgment etc.

# EXHIBIT A

*Xiong et al. v. Laos*
Application for Default Judgment etc.

9

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SENG XIONG, ET AL.,** | **CLERKS CERTIFICATE OF ENTRY OF DEFAULT** |
| v. | 2:23–CV–02531–DJC–DB |
| **LAO PEOPLE'S DEMOCRATIC REPUBLIC, ET AL.,** | |

**TO ALL COUNSEL:**

   By application of Plaintiff and it appearing that the defendant having been duly served with process as appears from the record and papers on file herein; and having failed to appear, plead or answer Plaintiff's complaint within the time allowed by law; the default of the following Defendant(s) is/are hereby entered:

   Chansamone Chanyalath, Vilay Lakhamfong, Lao People's Democratic Republic, Sonxai Siphandon, Thongloun Sisoulithis, Souansavan Vi–Gnaket

Counsel is/are referred to Rule 55(b), of the Federal Rules of Civil Procedure, and Local Rules 302(c)(19) and 230. If there is more then one defendant in this case, counsel are further referred to Fed. R. Civ. P. 54(b).



IN TESTIMONY WHERE OF, I have hereunto subscribed my name and affixed the seal of the United States District Court for the Eastern District of California, on February 5, 2024.

KEITH HOLLAND
CLERK OF COURT

By:  /s/  A. Kastilahn

**Deputy Clerk**

# PROOF OF SERVICE

I, Elizabeth Betowski, declare as follows: That I am an adult over the age of 18, and have an office in Sacramento, California, and am not a party to the present action. On the date signed below, I caused to be served by USPS Priority Mail, the following documents:

1. **PLAINTIFFS SENG XIONG, THAO XIONG, LOR VANG, AND LUE VANG'S NOTICE OF APPLICATION AND APPLICATION FOR DAMAGE PROVE-UP HEARING ON DEFAULT AN ENTRY OF DEFAULT JUDGMENT; APPLICATION AND MOTION FOR SEPARATE TRIAL AS TO THE LAOS DEFENDANTS TO PERMIT A JUDGMENT AS TO THEM, SO THAT THE CASE MAY PROCEED AGAINST THE USA DEFENDANT, DR. YANG DAO**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS SENG XIONG, THAO XIONG, LOR VANG, AND LUE VANG'S APPLICATION FOR DAMAGE PROVE-UP HEARING ON DEFAULT AN ENTRY OF DEFAULT JUDGMENT; APPLICATION AND MOTION FOR SEPARATE TRIAL AS TO THE LAOS DEFENDANTS TO PERMIT A JUDGMENT AS TO THEM, SO THAT THE CASE MAY PROCEED AGAINST THE USA DEFENDANT, DR. YANG DAO**

The above-listed documents were served on all parties by USPS Priority Mail to the following addressees:

Lao People's Democratic Republic
c/o President Thongloun Sisoulithis
Lao People's Democratic Republic
Presidential Palace
Thanon Setthathirat
Ban Xiengyeun Tha, Muang Chanthaburi
Vientiane (Vienchang)
Lao People's Democratic Republic
Tel: 856-21-214-207

President Thongloun Sisoulithis
Lao People's Democratic Republic
Presidential Palace
Thanon Setthathirat
Ban Xiengyeun Tha, Muang Chanthaburi
Vientiane (Vienchang)
Lao People's Democratic Republic
Tel: 856-21-214-207

Prime Minister Sonxai Siphandon,
Lao People's Democratic Republic
Prime Minister's Office
Ban Nahai Dious, Muang Chanthaburi
Vientiane (Vienchang),
Lao People's Democratic Republic 0101
Tel: P: 856-21-223-620

General Vilay Lakhamfong, Minister of Public Security
Ministry of Public Security
Nongbone Road,
Ban Nongbone, Xaysettha,
Vientiane
Lao People's Democratic Republic
T: 856-21-951-084

10

*Xiong et al. v. Laos*
Application for Default Judgment etc.

| | |
|---|---|
| Souansavan Vi-Gnaket<br>Ministry of Justice<br>Lane Xang Avenue,<br>Ban Hatsady Tay, Chanthabouly,<br>Vientiane,<br>Lao People's Democratic Republic<br>T: 856-21-412-054; | Gen. Chansamone Chanyalath<br>Ministry of National Defense<br>Phone Kheng Road,<br>Ban Phone Kheng,<br>Sikhotabong,<br>Vientiane,<br>Lao People's Democratic Republic<br>T: 856-21-911-017<br><br>Dr. Yang Dao<br>4444 Fallgold Parkway North<br>Brooklyn Park, MN 55443 |

I declare under oath and under penalty of perjury that the foregoing is true and correct and that this Declaration was executed in Sacramento, California, on September 5, 2024.

*/s/ Elizabeth Betowski*

2

Xiong et al. v. Laos
Application for Default Judgment etc.